

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 18, 1957

Mr. John Osorio, Chairman
Board of Insurance Commissioners
International Life Building
Austin, Texas

Opinion No. WW-164

Re: Construction of Article 14.25
of the Insurance Code of Texas
as to what attorneys' fees and
other defense expenses may be
paid out of the mortuary or re-
lief funds, subject to the ap-
proval of the Board of Insurance
Commissioners.

Dear Mr. Osorio:

Your recent request for an opinion of this department on
the question as herein stated has been received.

We now quote from your letter as follows:

"In view of the fact that Article 14.25 provides
that payments out of the mortuary fund for other than
claims shall be subject to approval by the Board of In-
surance Commissioners, we respectfully request your
opinion as to what is meant by the statute in using
the language 'attorneys' fees and necessary expenses
arising out of the defense, settlement or payment of
contested claims'."

Article 14.25 of the Insurance Code of Texas provides in
part as follows:

"Assessments, when collected, shall be divided into
at least two (2) funds. One (1) of these shall be the
mortuary or relief fund, by whatever name it may be
called in the different associations, from which claims
under certificate shall be paid, and to a limited extent
the costs of defending contested claims, and nothing
else; and the other fund shall be the expense fund from
which expenses may be paid. . ."[1]

"Such associations shall provide in its by-laws
for the portion of its assessments to be allocated to
the mortuary or relief fund and may provide for the
payment out of said mortuary or relief fund of attor-
neys' fees and necessary expenses arising out of the
defense, settlement or payment of contested claims.

Any such payment out of the mortuary or relief
fund for other than claims shall be subject to
the approval of the Board of Insurance Commissioners.
. . ."

Article 14.30 provides in part as follows:

"It shall not be unlawful for an association
to contest claims for valid reasons; but claims may
not be contested for delay only or for capricious
or inconsequential reasons, or to force settlement
at less than full payment. Therefore, if liability
is to be denied on any claim, the association is
hereby required to notify the claimant within sixty
(60) days after due proofs are received that the
claim will not be paid, and failing to do so, it
will be presumed as a matter of law that liability
has been accepted."

These two Articles were formerly Sections 12 and 14 of
Senate Bill No. 135 of the 46th Legislature, Regular Session, 1939; and
we believe the legislative intent requires them to be construed together.

The wording of the first paragraph of Article 14.25 makes
it clear that only one class of claims is unconditionally payable out of
the mortuary fund, and that is "claims under certificates".

The statute provides further that, "To a limited extent
the costs of defending contested claims . . ." may be paid out of such
fund, and the statute goes on to emphasize this limitation by adding,
"and nothing else."

This limited extent to which the costs of defending con-
tested claims applies is defined more clearly by the subsequent language
of this statute, which provides that, ". . . and may provide for the pay-
ment out of said mortuary or relief fund of attorneys' fees and necessary
expenses arising out of the defense, settlement or payment of contested
claims." It therefore appears that the Legislature intended to limit the
use of the mortuary funds to those attorneys' fees and the necessary ex-
penses only relating to the actual contested defense, or actual settlement
or payment of the contested claims. A further indication that this pro-
cedure was to be followed in the unusual defense situation and not as a
regular procedure was given when the Legislature went further and provided
that, "Any such payment out of the mortuary or relief fund for other than
claims shall be subject to the approval of the Board of Insurance
Commissioners."

It therefore appears certain that the Legislature, in al-
lowing certain costs to be taken out of the mortuary or relief fund

Hon. John Osorio, page 3 (WW-164)

intended that these be strictly limited to type and character expressly
stated, and that the Board of Insurance Commissioners should retain tight